**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LINDSAY MASON dba FRENCH KNOT, an individual; <br><br> Plaintiff, <br><br> v. <br><br> HOBBY LOBBY STORES, INC., an Oklahoma corporation; and DOES 1 through 10, <br><br> Defendants. | Civil Action No.: <br><br> **PLAINTIFF'S COMPLAINT FOR:** <br><br> 1.    **COPYRIGHT INFRINGEMENT;** <br><br> 2.    **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

1

COMPLAINT

Plaintiff, Lindsay Mason, by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.     This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq*.

2.     This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a)-(b).

3.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) as Defendants are subject to personal jurisdiction in this district and Defendants or their agents reside in or may be found in this judicial district.

## PARTIES

4.     Plaintiff, Lindsay Mason, dba French Knot ("Mason"), is an individual residing in Lafayette, Indiana.

5.     Mason is informed and believes and thereon alleges that Defendant, Hobby Lobby Stores, Inc. ("Hobby Lobby"), is an Oklahoma corporation, and is doing business in and with the State of New York, through its commercial website and stores located at throughout the state.

6.     Mason is informed and believes and thereon alleges that Defendants Does 1 through 3, inclusive, are manufacturers and/or vendors of products to Defendant, which Doe Defendants have manufactured and/or supplied and are manufacturing and/or supplying products bearing designs manufactured with Mason's copyrighted designs (as hereinafter defined) without Mason's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-3, inclusive, are presently unknown to Mason, who therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

7.     Defendants Does 4 through 10, inclusive, are other parties not yet identified who have infringed Mason's copyrights, have contributed to the infringement of Mason's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate,

COMPLAINT

individual or otherwise of Defendants 4 through 10, inclusive, are presently unknown to Mason, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8.     Mason is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Mason's rights and the damages to Mason proximately caused thereby.

## CLAIMS RELATED TO DESIGN RF34

9.     Mason created and owns an original two-dimensional artwork ("Subject Design") and has registered the copyright for same with the United States Copyright Office. A true and correct copy of the Subject Design is depicted below:

///

///

///

3

COMPLAINT

| SUBJECT DESIGN |
| --- |
|  |

10.     Prior to the acts complained of herein, Mason publicly displayed and distributed products bearing the Subject Design, including by offering such products for sale through Mason's online shop at https://frenchknot.com.

11.     Following Mason's distribution of Subject Design, Mason's investigation revealed that certain retail entities had misappropriated the Subject Design and were selling ornaments and products bearing illegal reproductions and/or derivations of the Subject Design.

COMPLAINT

12.     Mason is informed and believes and thereon alleges that, without Mason's authorization, Hobby Lobby, and others, including certain DOE Defendants, created, sold, manufactured, caused to be manufactured, imported and/or distributed material and/or products incorporating material that bears artwork identical to or substantially similar to the Subject Design ("Infringing Product"), including but not limited certain products sold by Hobby Lobby.

13.     A side-by-side comparison of Mason's product bearing the Subject Design and Defendant's Infringing Product is depicted below:

| Subject Design | Infringing Product Exemplar |
| --- | --- |



COMPLAINT

14.     The above comparison demonstrates that the elements, composition, arrangement, layout, placement, proportions, and overall visual appearance of Defendants' Infringing Product are identical or at least substantially similar to Mason's Subject Design. To the extent there are differences, those differences result from Defendants' cruder, lower-quality fabrication or manufacturing process.

15.     The above exemplar is not intended to encompass all Infringing Products. The claims asserted herein extend to any product marketed, displayed, offered for sale, distributed, licensed, or sold by Defendants, individually or collectively, that incorporates, in whole or in part and without authorization, the Subject Design.

16.     Mason never  authorized Defendants, or any of them, to use the Subject Design as alleged herein, and Defendants neither sought nor obtained a license or other authorization to reproduce, distribute, display, or sell products bearing the Subject Design.

17.     On or around December 22, 2025, Mason provided written notice to Defendants that their unauthorized use of the Subject Design infringed Mason's copyright and demanded that they cease and desist from same.

18.     Despite this, Mason and Defendants failed to reach a reasonable resolution to this matter, necessitating this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

19.      Mason repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

20.      Mason is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design including, without limitation, through (a) access to Mason's online showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or Doe Defendants, including without limitation international and/or

COMPLAINT

overseas converters and printing mills; and (c) ornaments manufactured and sold to the public bearing material lawfully printed with the Subject Design by Mason for its customers.

21.    Mason is informed and believes and thereon alleges that one or more of the Defendants manufactures ornaments and/or is an ornament vendor.  Mason is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied ornaments to said retailers, which ornaments infringed the Subject Design in that said ornaments were composed of material which featured unauthorized print design(s) that were identical or substantially similar to the Subject Design, or were illegal derivations or modifications thereof.

22.    Mason is informed and believes and thereon alleges that Defendants, and each of them, infringed Mason's copyrights by creating, manufacturing, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling products which infringe the Subject Design through a network of retail stores, catalogues, and through on-line websites.

23.    Due to Defendants' acts of infringement, Mason has suffered substantial damages to her business in an amount to be established at trial.

24.    Due to Defendants' acts of infringement, Mason has suffered general and special damages in an amount to be established at trial.

25.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Mason is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Mason's rights in the Subject Design in an amount to be established at trial.

26.    Mason is informed and believes, and thereon alleges, that Defendants' infringing conduct was willful and undertaken with knowledge of, or reckless disregard for, Mason's rights.

COMPLAINT

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

27. Mason repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

28. Mason is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of ornaments featuring the Subject Design by, *inter alia*, directing the manufacture of or selection and sourcing of materials and designs for the Infringing Products, or had agreements requiring the manufacture or sourcing of certain materials or designs, with the ability and right to supervise, direct, cancel, or otherwise modify its orders for the manufacture or purchase of the Infringing Products.

29. Mason is informed and believes and thereon alleges that Defendants had direct oversight or involvement in the sourcing of materials for and manufacture of the Infringing Products and thus knew, induced, caused, or materially contributed to the infringement of Mason's rights as alleged herein. The true and complete extent to which Defendants were involved in a network of infringement with as of yet undiscovered Doe Defendants and/or direct infringers will be ascertained during discovery in this action.

30. Mason is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

31. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Mason has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

32. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise

COMPLAINT

have realized but for their infringement of the Subject Design. As such, Mason is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Mason's rights in the Subject Design, in an amount to be established at trial.

33.    Mason is informed and believes and thereon alleges that Defendants' infringing conduct was willful and undertaken with knowledge of, or reckless disregard for, Mason's rights.

## PRAYER FOR RELIEF

Wherefore, Mason prays for judgment as follows:

   a)  That Defendants, their agents, employees, and all persons acting in concert with them be preliminarily and permanently enjoined from directly or indirectly infringing Mason's copyrights in the Subject Design, including by reproducing, displaying, distributing, marketing, licensing, offering for sale, or selling products bearing the Subject Design without authorization;

   b)  That Mason be awarded all profits of Defendants plus all losses of Mason, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

   c)  That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

   d)  That Mason be awarded pre- and post-judgment interest as permitted by law;

   e)  That Mason be awarded the costs of this action; and

   f)  That Mason be awarded such further legal and equitable relief as the Court deems proper.

Mason demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

COMPLAINT

Respectfully submitted,

Dated: July 13, 2026         By:         */s/ Alexandra Licitra*
Alexandra Licitra, Esq.
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
alicitra@donigerlawfirm.com
scott@donigerlawfirm.com
*Attorneys for Plaintiff*

10

COMPLAINT